**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-6131**

———————————

RICARDO ANTONIO DE LOS SANTOS-MORA,

Plaintiff - Appellant,

versus

ROBERT E. BRADENHAM, II, U. S. Attorney;
BELINDA BAKER; RICHARD D. DAWES,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (2:05-cv-00717-RAJ)

———————————

Submitted: July 26, 2006        Decided: August 10, 2006

———————————

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Ricardo Antonio De Los Santos-Mora, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ricardo Antonio De Los Santos-Mora is serving 262 months in prison for a 1997 drug trafficking conviction. In November 2005, De Los Santos-Mora filed a complaint under the Alien Tort Statute,[1] 28 U.S.C. § 1350 (2000), seeking $2,000,000 in damages on the ground that the arresting officers and the United States Attorney failed to advise him of his rights under Article 36 of the Vienna Convention.[2] The district court dismissed the action without prejudice, concluding that De Los Santos-Mora's action was barred by the holding in Heck v. Humphrey, 512 U.S. 477 (1994), because his criminal conviction has not been set aside and a judgment in this action would necessarily imply the invalidity of that conviction. De Los Santos-Mora timely appealed.

After the district court issued its decision and while this appeal was pending, the Supreme Court of the United States issued its decision in Sanchez-Llamas v. Oregon, 126 S. Ct. 2669 (2006). The Supreme Court noted that Article 36 addresses a foreign national's entitlement to consular notification concerning his arrest, but does not implicate any right to consular intervention or cessation of the criminal investigation and that violation of any rights under Article 36 would not trigger

---

[1]This statute establishes jurisdiction in the district courts over a civil action by an alien for a tort committed in violation of a treaty of the United States. See generally Sosa v. Alvarez-Machain, 542 U.S. 692 (2004).

[2]The Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77, 101, requires an arresting government to inform a foreign national who has been arrested of his right to contact his consul.

application of the exclusionary rule.  <u>Id.</u> at 2681.  In light of <u>Sanchez-Llamas</u>, we find that the district court erred by finding De Los Santos-Mora's action to be <u>Heck</u>-barred.[3]

Accordingly, we vacate the district court's order dismissing De Los Santos-Mora's action without prejudice pursuant to <u>Heck</u> and remand for further proceedings consistent with this opinion.  De Los Santos-Mora's motion for appointment of counsel is denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[3]We express no opinion concerning whether Article 36 creates a private right of action.